## UNITED STATES COURT DISTRICT
## NORTHERN DISTRICT OF GEORGIA
## NEWNAN DISTRICT

FILED IN CLERK'S OFFICE
U.S.D.C. Newnan

MAR 1 2 2026

KEVIN P WEIMER, Clerk
By: _____ Deputy Clerk

| | |
|---|---|
| SHERIF RIAD, | ) |
| *Plaintiff,* | ) |
| | ) |
| | ) **1:26-CV 1382** |
| v. | ) **Case No.** |
| | ) |
| EQUIFAX INFORMATION | ) |
| SERVICES LLC, | ) |
| *Defendant,* | ) |

---

## COMPLAINT AND DEMAND FOR JURY TRIAL

---

Pro Se Plaintiff, Sherif Riad, respectfully alleges the following:

### I.    INTRODUCTION

1. This civil action is brought by Sherif Riad who is an individual consumer, seeking actual damages, statutory damages, and punitive damages against Defendant, Equifax Information Services, LLC (hereinafter "Equifax"), for violations of the Fair Credit Reporting Act, 15 U.S.C § 1681 et seq. (hereinafter "FCRA").

### II.    JURISDICTION AND VENUE

2. This Court's jurisdiction is invoked pursuant to 15 U.S.C §1681(p) and 28 U.S.C §1331. Venue is proper in this District as Equifax conducts business in McDonough, Henry County, Georgia and the actions giving rise to this complaint occurred in McDonough,

Henry County, Georgia. The venue is also proper as the complaint alleges a federal claim and requires the involvement of the Court to seek a resolution of questions of federal law.

### III.    PARTIES

3.    Plaintiff, Sherif Riad, (hereinafter "Plaintiff") incorporates by reference the above paragraphs of this complaint as they fully set forth at length herein.

4.    Plaintiff is a natural person residing in McDonough, Henry County, Georgia.

5.    Plaintiff is a "consumer" as defined by the FCRA, 15 U.S.C § 1681a(c).

6.    Upon information and belief, Equifax is a Limited Liability Company (LLC) organized under the laws of and authorized to do business in the state of Georgia.

7.    Equifax qualifies as a "consumer reporting agency" as defined under 15 U.S.C §1681a(f).

8.    Upon information and belief Equifax compiles consumer information in a consumer's "file" as defined by 15 U.S.C §1681a(g) and using that information on both a for-profit and not-for-profit basis, provides "consumer reports" as defined by 15 U.S.C §1681a(d).

9.    Equifax's principal place of business is located at 1550 Peachtree Street NW, Atlanta, GA 30309 and can be served through its registered agent Corporation Service Company, 2 Sun Court, Suite 400, Peachtree Corners, GA, 30092, USA.

### PRELIMINARY STATEMENT

The Fair Credit Reporting Act (FCRA) regulates consumer reporting to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy. Congress enacted the FCRA to address issues within the credit reporting industry, including the lack of consumer access to their own credit information. Recognizing this problem,

Congress aimed to promote transparency by requiring consumer reporting agencies to disclose all information in a consumer's file upon request.

Under 15 U.S.C § 1681g of the FCRA, consumer reporting agencies are mandated to clearly and accurately disclose, upon request, all information contained in a consumer's file at the time of the request. This requirement applies to all consumer reporting agencies. The FCRA defines a consumer's file as encompassing all information recorded and retained by the agency about the consumer, regardless of the method of storage.

A consumer's "file" as mentioned and defined in 15 U.S.C § 1681a(g) is not to be mistaken with a "consumer report" as mentioned and defined in 15 U.S.C § 1681a(d). A consumer's file is all the information the consumer reporting agency (hereinafter "CRA") has on an individual consumer from the furnisher of the information regardless of how it's stored. A consumer report on the other hand is what creditors use in the decision to extend, renew, or continue credit. A consumer's file is made up of multiple items of information, which is then used to create and sell consumer reports that are used to determine a consumer's credit worthiness. If a consumer is denied this disclosure of the file in its entirety, they are robbed of a statutorily and federally protected right.

## IV.    FACTS OF THE COMPLAINT

### *Plaintiff's Consumer Disclosure From February 2026*

10.    On February 19, 2026, Plaintiff requested a copy of his consumer file from Equifax via annualcreditreport.com (Confirmation # 6050565086) (Exhibit A).

11.    Equifax was supposed to provide a clear and accurate disclosure to Plaintiff of all information in his file at the time of the request pursuant to 15 U.S.C § 1681g(a)(1).

12.    A limited exception to the statute, allows for the truncation of the first five (5) numbers

of Plaintiff's social security number, but this exception does not apply to account

numbers.

### *Equifax's Incomplete, Unclear, or Inaccurate Disclosure:*

### *Incomplete and Inaccurate Disclosure of Account Information*

13. There were multiple key details and items of information that were incomplete, truncated, or patently inaccurate in Plaintiff's file after his disclosure request was made.

14. One of the requirements of 15 U.S.C § 1681g is that the CRA provide the consumer "all information in the consumer's file at the time of the request". The plain language of the statute makes this very clear: all (emphasis added) information.

15. It is further supported in Washington v. Equifax Info. Servs. LLC, "The plain language of the FCRA requires that the consumer reporting agency shall clearly and accurately disclose to the consumer '[a]ll information in the consumer's file at the time of the request.' 15 U.S.C § 1681g. In the absence of any binding authority stating that a truncated account number is a clear and accurate disclosure the court finds that the plaintiff has stated a plausible claim for a violation of 609 of the FCRA.") [*Washington v. Equifax Info. Servs. LLC*, No. 3:19-cv-00154, 2019 WL 24443126, at *4 (M.D. Tenn. June 12, 2019)].

16. Both the Federal Trade Commission (hereinafter "FTC") and Consumer Financial Protection Bureau (hereinafter "CFPB") have published advisories detailing what a file disclosure is, the information that must be included inside of it, and what a consumer must do (and does not have to do) to have properly requested it.

17. The advisory opinion titled "Advisory Opinion to Darcy" (Exhibit B) published by the

FTC, speaks to all CRAs (specifically TransUnion at the time of writing it) stating, "...it is our view that a CRA that always scrambles or truncates account (or social security) numbers does not technically comply with Section 609 because it does not provide 'accurate' (and perhaps not 'clear') disclosure of all information "in the file".

18. Similarly the CFPB released their own advisory (Exhibit C) in which they made clear what a consumer's file disclosure is, the information that must be included in it, and what a consumer must do (and does not have to do) to request it.

19. In the CFPB's advisory they state, "The Bureau is aware that some industry stakeholders have taken the position that consumers must use specific language in order to request file disclosures under section 609(a), such as the term 'complete file.' As the Third Circuit recently held, such requirements contravene the FCRA. The CFPB interprets the FCRA to require consumer reporting agencies to provide a file disclosure upon receipt of a 'request' from a consumer who provides proper identification even if the consumer does not use the specific term 'request,', 'file,' 'complete file,' or any other specific words in making such a request."

20. In regard to Plaintiff's disclosure provided to him by Equifax, not only were account numbers incomplete/truncated, but many other fields were incomplete and patently inaccurate as well.

21. As a result of all of the truncated, incomplete, and inaccurate information, Plaintiff struggled to properly identify and match up the information with his personal records, leaving him confused.

22. The specific accounts that are in question at this moment are a Capital One Bank USA

NA account, a Concord Servicing Group account, a JPMCB Card Services account, and a Wells Fargo Card Serv account.

23.    Below is the specific incomplete and/or inaccurate information:

- CAPITAL ONE BANK USA NA *1173: the account number is incomplete, the date reported is incomplete because it is missing from the payment history, the balance is inaccurate as it is different than what is being shown in the 24 month history, the date opened is incomplete as it is missing from the payment history, the date of last activity is incomplete, scheduled payment amount is reporting differently from and contradictory to the 24 month history, actual payment amount is incomplete, date of last payment is incomplete as it is missing from the payment history, term duration is incomplete, date of first delinquency is incomplete, date major delinquency first reported is incomplete, amount past due is incomplete, charge off amount is incomplete, date closed is incomplete, activity designator is incomplete, months reviewed is inaccurate as it does not match up with what you have in your records, deferred payment start date is incomplete, balloon payment amount is incomplete, balloon payment date is incomplete, there are multiple months that are missing/incomplete within the payment history. In the 24 month history - the month of April 2025 is completely missing/skipped, four of the scheduled payment amount fields are incomplete, all of the actual payment amount fields are incomplete, all but one of the past due amount fields are incomplete, and four of the narrative code fields are incomplete

- CONCORD SERVICING GROUP *1995: account number is incomplete, balance is inaccurate because it doesn't match your records, credit limit is incomplete,

status says "30–59 days past due" which is is unclear because there is no payment history, date of life activity is incomplete, actual payment amount is incomplete, date of last payment is inaccurate because it does not match your records, date of first delinquency is unclear as there is no payment history reflected, date major delinquency first reported is incomplete, charge off amount is incomplete, date closed is incomplete, activity designator is incomplete, months reviewed is inaccurate as it does not match your records, deferred payment start date is incomplete, balloon payment amount is incomplete, balloon payment date is incomplete, narrative code(s) is incomplete. In the 24 month history the actual payment amount is incomplete, past due amount is incomplete, credit limit is incomplete, and narrative codes are incomplete. Also as mentioned already, there is no payment history reflected for this account at all.

- JPMCB CARD SERVICES *7576: account number is incomplete, status is unclear as it says "60–89 days past due" however there is no payment history, date of last activity is incomplete, actual payment amount is incomplete, term duration is incomplete, date major delinquency first reported is incomplete, charge off amount is incomplete, months reviewed is inaccurate as it does not match up with any records because you have not provided any, deferred payment start date is incomplete, balloon payment amount is incomplete, balloon payment date is incomplete. As mentioned, there is no payment history being reported on this account at all which is incomplete.

- WELLS FARGO CARD SERV *8727: account number is incomplete, date opened is incomplete as it doesn't match the payment history, date reported is

incomplete as it doesn't match the payment history, balance is in accurate as it doesn't match your records, date of last activity is incomplete as it is missing from the payment history, actual payment amount is incomplete which is confusing because the date of last payment says 12/16/2025 – therefore if a payment was made it should be listed in the actual payment amount field, term duration is incomplete, date of first delinquency is incomplete, date major delinquency first reported is incomplete, amount past due is incomplete, charge off amount is incomplete, months reviewed is inaccurate as it doesn't match up with your records, deferred payment start date is incomplete, balloon payment amount is incomplete, balloon payment date is incomplete. Also, there are missing months in the payment history. As far as the 24 month history - one of the scheduled payment amount fields is incomplete, eight of the actual payment amount fields are incomplete, three of the last payment date fields are incomplete, all but two of the past due amount fields are incomplete, and one of the narrative codes fields are incomplete.

24.  Pursuant to 15 U.S.C § 1681g, once Equifax received Plaintiff's request for his file disclosure, they were to provide him a clear and accurate disclosure.

25.  The furnisher provided the missing information to Equifax.

26.  If Equifax holds a stance that they truncated account numbers for "security concerns" they failed to comply with the statute and their obligations pursuant to it.

27.  When the account number information was furnished to Equifax, the furnisher provided it in its entirety, not partially or truncated.

28.  Equifax failed to provide Plaintiff with a clear and accurate disclosure of all information

in his file.

29. Due to the failure/refusal on Equifax's part to provide Plaintiff his file disclosure clearly and accurately, he was deprived of his federally protected right under 15 U.S.C § 1681g(a)(1).

30. Equifax's failure to provide Plaintiff his file clearly and accurately also deprived him the ability to confidently assess his file to ensure there were no items of information that are perhaps not his or to ensure the information that was his was being reported completely and accurately.

31. The failure of an entity to provide to a consumer accurate and truthful information as it is required by law does create an injury in fact, therefore creating and giving the consumer standing pursuant to Article 3. This is held in *Havens Realty Corp v. Coleman*, 455 US 363 (1982), In which the court held that "alleged injury to (Plaintiffs) statutory created right to truthful housing information" was a cognizable injury in and of itself, regardless of whether the plaintiff actually hoped to reside in the defendant's housing complex; therefore "the Art. III Requirement of injury in fact [was] satisfied".

32. Equifax's violation of the statute in this manner is wilful and seems to show a systemic error. If this is the case, this problem not only affects Plaintiff, but the hundreds of thousands of consumers Equifax maintains files on.

## V.    CLAIM FOR RELIEF

### 15 U.S.C §1681g(a)(1)

33. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

34. Equifax violated the FCRA.

35. Equifax failed to comply with 15 U.S.C § 1681g and provide Plaintiff a clear and accurate disclosure of all information within his file at the time of his request, and instead provide incomplete and omitted information.

36. At all relevant times, Equifax acted willfully in its noncompliance with the FCRA.

37. Pursuant to 15 U.S.C §1681n, Equifax is liable to Plaintiff for actual damages, statutory damages, punitive damages, and costs. Alternatively, in the event Equifax's noncompliance was negligent, under 15 U.S.C §1681o, they are liable for any actual damages sustained by Plaintiff along with the costs of the action as determined by the court.

## VI.    JURY DEMAND PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests a jury trial and requests that judgment be entered in favor of Plaintiff and against Defendant for:

A. Actual or statutory damages pursuant to 15 U.S.C § 1681n;

B. Actual damages pursuant to 15 U.S.C § 1681o;

C. Punitive and/or statutory damages pursuant to 15 U.S.C § 1681n and 15 U.S.C § 1681o;

D. Costs pursuant to 15 U.S.C § 1681n and 15 U.S.C § 1681o;

E. Any other and further relief as the Court may deem just and proper.

Respectfully submitted:

March 10, 2026
Sherif Riad
829 Cog Hill
McDonough, GA 30253
678-249-5714
sherifriad1969@yahoo.com

# <u>EXHIBIT LIST</u>

1.  Plaintiff's Consumer Disclosure from Equifax dated February 19, 2026 (Exhibit A)

2.  FTC Advisory Opinion from June 30, 2000 (Exhibit B)

3.  CFPB Advisory Opinion from January 23, 2024 (Exhibit C)